UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN JUSTIN SMITH,<br><br>                    Petitioner(s),<br><br>  v.<br><br>JEFFREY UTTECHT,<br><br>                    Respondent(s). | CASE NO. 2:21-cv-00940-TL<br><br>ORDER TO UNSEAL PLEADING AND PROVIDE OPPORTUNITY TO RESPOND TO OBJECTIONS |

This matter is before the Court on its own motion to address Petitioner's improperly filed pleading. As explained in this Order, the pleading was improperly filed under seal and as an ex parte motion.

On April 13, 2022, The Honorable S. Kate Vaughan, United States Magistrate Judge, entered a Report and Recommendation ("R&R") on Petitioners Second Amended Petition. Dkt. No. 37. The Parties were directed to file any objections to the R&R within 21 days or by no later than May 4, 2022. On May 3, Petitioner requested an additional six weeks to prepare objections. Dkt. No. 38. On May 23, 2022, the Court granted Petitioner's motion, and he was ordered to file

1 his objections by no later than July 5, 2022. Dkt. No. 40. On May 27, 2022, Petitioner filed a
2 motion to amend his motion for extension of time. Dkt. No. 41. The Court struck the motion as it
3 had already granted Petitioner the requested extension.

4 　　　　On July 8, 2022, Petitioner filed under seal a pleading styled as an Ex Parte Motion to
5 Expedite Injunctive Relief from Collateral Consequences of Conviction. Dkt. No. 42. Although
6 this pleading was filed three days after the previously ordered deadline, the Court understands
7 this pleading to include Plaintiff's objections to the R&R. The Court will allow the late-filed
8 objections. *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir.1992), overruled on other grounds
9 by WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) ("courts must apply considerable
10 leeway when assessing . . . a pro se civil rights litigants' failure to comply strictly with time
11 limits").

12 　　　　Plaintiff's pleading was improperly filed under seal. The Court's Local Civil Rules
13 outline the proper procedures and circumstances in which a court document may be filed under
14 seal. *See generally* LCR 5(g). As stated in the rule, "[t]here is a strong presumption of public
15 access to the court's files." *Id.* There are only two circumstances in which a party is permitted to
16 file a document under seal: (1) "if a statute, rule, or prior court order expressly authorizes the
17 party to file the document under seal," or (2) "if the party files a motion or stipulated motion to
18 seal the document before or at the same time the party files the sealed document." *Id.* Here,
19 Petitioner never moved the Court for permission to file his pleading under seal. Nor does
20 Petitioner articulate any specific "statute, rule, or prior court order" in his pleading that
21 authorizes its filing under seal. Finally, styling the pleading as an ex parte motion does not
22 permit its filing under seal.

23 　　　　Plaintiff's pleading was also improperly filed ex parte (or, in this case, one party filing
24 without providing notice to the other side). "Ex parte motions are [generally] disfavored" and are

permitted only in a narrow set of circumstances. *Ayestas v. Davis*, 138 S. Ct. 1080, 1091 (2018) (listing specific circumstances when ex parte motions are either statutorily allowed or otherwise procedurally appropriate); *see also United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001) (citing *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192 (C.D. Cal. 1989) (providing a comprehensive assessment of why ex parte motions are disfavored and should rarely be allowed). The circumstances that allow for ex parte motions typically involve situations "where there is some genuine urgency such that 'immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition. . . . [or] where there is a danger that notice to an opposing party will result in that party's flight, destruction of evidence, or secretion of assets." *In re Intermagnetics*, 101 B.R. at 193 (internal citations omitted) (quoting Fed. R. Civ. P. 65(b)). Upon review of Petitioner's pleading and considering the timing of its filing so close to Petitioner's extended deadline to file objections to the R&R, the Court understands the pleading to be an attempt to raise objections to Judge Vaughan's recommendations. Petitioner fails to indicate any urgency or potential prejudice to justify denying Respondent an opportunity to respond to Petitioner's objections. Petitioner's pleading therefore does not warrant ex parte consideration.

The Court therefore ORDERS:

1. The Clerk shall unseal the pleading at Dkt. No. 42;
2. Pursuant to Fed. R. Civ. P. 72(b)(2), Respondent shall have 14 days to respond to Petitioner's objections to the R&R included in the pleading at Dkt. No. 42. Respondent also shall include any response to arguments regarding the R&R raised by Petitioner in Dkt. No. 41;
3. The R&R shall be re-noted for consideration on August 19, 2022; and
4. A copy of this Order shall be sent to Petitioner and Judge Vaughan.

Dated this 4th day of August 2022.

Tana Lin
United States District Judge