UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN JUSTIN SMITH,<br><br>       Petitioner,<br><br> v.<br><br>JEFFREY UTTECHT,<br><br>       Respondent. | Case No. C21-940-TL-SKV<br><br>ORDER DENYING PETITIONER'S MOTION FOR PROTECTION AND OTHER VICTIMS' RIGHTS |

## I. INTRODUCTION

This is a federal habeas action proceeding under 28 U.S.C. § 2254. This matter comes before the Court at the present time on Petitioner's "Motion for Protection and Other Victims' Rights." Dkt. 43. Respondent has filed a response to Petitioner's motion in which he argues that Petitioner is not entitled to the relief he seeks and that his motion should therefore be denied. Dkt. 44. Petitioner has requested additional time to file a reply brief addressing the arguments set forth in Respondent's response to his motion (*see* Dkt. 45 at 5-6, Dkt. 48), but the Court deems additional briefing on Petitioner's motion unnecessary and therefore denies his requests to

ORDER DENYING PETITIONER'S
MOTION FOR PROTECTION AND
OTHER VICTIMS' RIGHTS - 1

extend time. The Court, having reviewed Petitioner's motion, and the balance of the record, concludes that Petitioner's motion should be denied.

## II. DISCUSSION

Petitioner challenges in this federal habeas action his 2015 Snohomish County Superior Court conviction on a charge of first-degree murder with a deadly weapon. *See* Dkt. 24. The victim of Petitioner's crime was his wife, Susann Smith. *See* Dkt. 31, Ex. 2 at 1. Petitioner asserted four grounds for relief in his amended petition for writ of habeas corpus. *See* Dkt. 24 at 8, 10, 11, 13, 15-17. On April 13, 2022, this Court issued a Report and Recommendation recommending to United States District Judge Tana Lin that Petitioner's federal habeas petition be denied with respect to each of his four grounds for relief, and that this action be dismissed with prejudice. Dkt. 37.

On July 8, 2022, Petitioner filed a document which he identified as an "Ex Parte Motion to Expedite Injunctive Relief From Collateral Consequences of Conviction," and which Judge Lin has construed as Petitioner's objections to this Court's Report and Recommendation. *See* Dkts. 42, 46. 47. Petitioner's objections are noted on Judge Lin's calendar for consideration on August 19, 2022. Dkts. 46, 47. On the same date Petitioner filed his objections, he also filed the instant "Motion for Protection and Other Victims' Rights" seeking redress under 18 U.S.C. § 3771. Dkt. 43. Judge Lin referred that motion to the undersigned for disposition. Dkt. 47.

Petitioner's motion is somewhat unclear. However, he appears to assert that he and his children are victims of criminal misconduct perpetrated by unnamed "official wrongdoers," and he cites to various provisions of the federal criminal code that he believes have been violated by

ORDER DENYING PETITIONER'S
MOTION FOR PROTECTION AND
OTHER VICTIMS' RIGHTS - 2

these unnamed officials.[1]  *See* Dkt. 43 at 1-2.  Specifically, Petitioner cites to sections of Title 18 of the United States Code which criminalize the following conduct: interference with, or deprivation of, rights secured by the Constitution or laws of the United States (§§ 241, 242); kidnapping (§ 1201); receipt, possession, or disposition of ransom money (§ 1202); hostage taking (§ 1203); international parental kidnapping (§ 1204); and, torture (§ 2340A).

Petitioner appears to argue that the commission of these offenses by the unnamed officials entitles him and his children to relief under the provisions of 18 U.S.C. § 3771, a federal statute which delineates the rights of crime victims in federal proceedings.  While Petitioner suggests that he and his children have been the victims of federal offenses, apparently related to the removal of the children from Petitioner's custody, this is not a federal criminal action nor is this action related to any ongoing federal investigation into offenses involving Petitioner and/or his children.  Rather, this is a federal habeas action proceeding under § 2254, the sole purpose of which is to adjudicate Petitioner's claims challenging the constitutionality of his state court conviction.

Section 3771 does contain provisions pertaining to federal habeas actions arising out of state convictions.  However, those provisions relate to the rights afforded victims of state crimes when the individual convicted of those crimes seeks federal habeas relief in the federal court. *See* 18 U.S.C. § 3771(b)(2)(A)-(D).  The portion of the statute pertaining to federal habeas actions defines a "crime victim" as "the person against whom the State offense is committed or,

---

[1] Petitioner's children were removed from his care and custody during the investigation into the murder of his wife.  While this fact is arguably relevant to one of the claims asserted in Petitioner's federal habeas petition, this Court has recommended that the petition be denied and allegations concerning the removal and/or custody of Petitioner's children have no relevance outside that context.

ORDER DENYING PETITIONER'S
MOTION FOR PROTECTION AND
OTHER VICTIMS' RIGHTS - 3

if that person is killed or incapacitated, that person's family member or other lawful representative." 18 U.S.C. § 3771(b)(2)(D).  Section 3771 also specifically provides that while "[t]he crime victim or the crime victim's lawful representative, and the attorney for the Government may assert the rights" described in the statute, the "person accused of the crime may not obtain any form of relief under this chapter." 18 U.S.C. § 3771(d)(1).  For purposes of this federal habeas action, Petitioner is not a victim but, instead, is the person accused of the crime at issue.  Petitioner is therefore not entitled to any form of relief under § 3771.[2]

To the extent Petitioner purports to seek relief under § 3771 on behalf of his children, the record suggests that Petitioner is no longer the lawful representative of the children (*see*, e.g., Dkt. 22) and, thus, he may not assert the rights described in § 3771(a) on their behalf.  *See* 18 U.S.C. § 3771(d)(1).

### III.   CONCLUSION

Based on the foregoing, Petitioner's "Motion for Protection and Other Victims' Rights" (Dkt. 43) is DENIED.  The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to Judge Lin.

DATED this 10th day of August, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

---

[2] Petitioner, in his motion, also cites to 34 U.S.C. § 20141.  This statutory provision identifies the services available to victims of crimes investigated or prosecuted by the federal government and, thus, appears to be inapplicable in the circumstances presented here.

ORDER DENYING PETITIONER'S
MOTION FOR PROTECTION AND
OTHER VICTIMS' RIGHTS - 4