1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN JUSTIN SMITH,<br><br>     Petitioner,<br> v.<br><br>JEFFREY UTTECHT,<br><br>     Respondent. | CASE NO. 2:21-cv-00940-TL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION TO EXPEDITE INJUNCTIVE RELIEF |

This matter comes before the Court on the Report and Recommendation (R&R) of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 37) and Petitioner Alan Smith's objections to the Report and Recommendation (Dkt. Nos. 41 and 42). Petitioner also filed an Ex Parte Motion to Expedite Injunctive Relief from Collateral Consequences of Conviction (Dkt. No. 42). Having reviewed the Report and Recommendation, Petitioner's objections, Respondent's response to the objections (Dkt. No. 50), and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections. The Court also DENIES Petitioner's request for injunctive relief.

# I. BACKGROUND

On May 3, 2022, Mr. Smith moved for an extension of time to file objections to the R&R, and on May 23, 2022, the Court granted his motion, extending his time to file objections to July 5, 2022. Dkt. No. 40. On May 27, 2022, Petitioner filed a motion to amend his motion for extension of time. Dkt. No. 41. The Court struck the motion to amend as it had already granted Petitioner the requested extension.

On July 8, 2022, Mr. Smith filed an Ex Parte Motion to Expedite Injunctive Relief from Collateral Consequences of Conviction (Dkt. No. 42) under seal that, while going beyond providing objections to the R&R, did include responses to the R&R. The Court will treat the motion filed on July 8th as an objection. While Mr. Smith's objections were filed three days late, "courts must apply considerable leeway when assessing . . . a pro se civil rights litigants' failure to comply strictly with time limits." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir.1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997). Therefore, the Court will consider the July 8th objections.

On August 4, 2022, the Court ordered Mr. Smith's Ex Parte Motion unsealed as he did not meet the requirements for his motion to be filed under seal or ex parte. Dkt. No. 46. Since Mr. Smith also raised arguments regarding the R&R in his motion to amend (Dkt. No. 41), the Court collectively treats his pleadings at Dkt. No. 41 and 42 as his objections to the R&R[1] and ordered Respondent to file responses to both by August 18, 2022 (Dkt. No. 46). Respondent filed a response on August 11, 2022. Dkt. No 50.

---

[1] Mr. Smith noted in his Ex Parte Motion that he "intend[ed] to file a separate notice of intent to file memorandum of law pertaining to my habeas grounds." Dkt. No. 42-1 at 8. It is unclear whether Mr. Smith was referring to additional objections to the R&R but if he was, the deadline for the objections had already been extended with no further extension being requested as of the already extended due date, he submitted eighteen pages of argument regarding the R&R with his prior pleadings, *see* Dkt. No. 41 at 3-20 and Dkt. No. 42-1 at 8-12, and he has not filed any further pleadings related to the R&R as of the date of this Order.

## II. Discussion

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("[The Court] must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

### A.  Objections to the R&R

Mr. Smith's objections focus on: (1) the alleged insufficiency of evidence to support his conviction; (2) the violation of his due process rights in obtaining and using his confession; and (3) various challenges which allegedly resulted in cumulative error.[2] Dkt. No. 41 at 10-19; Dkt. No. 42-1 at 9-11. In his objections, Mr. Smith claims that the State conceded in state court proceedings that he was the wrong defendant (Dkt. No. 41 at 4), but Respondent states the State made no such concession (Dkt. No. 50 at 4). The Court sees no evidence of any such concession in the record. Mr. Smith's objections otherwise do not raise any new grounds that have not already been thoroughly addressed by the R&R. The Court will not repeat the analysis from the R&R here. Rather, the Court will adopt the Report and Recommendation.

### B.  Challenges to the Removal of Mr. Smith's Children

Mr. Smith also raises various objections to the dependency and guardianship proceedings that resulted in the removal of his children from his custody. The Court notes that Mr. Smith has

---

[2] Mr. Smith also includes arguments regarding the removal of his children that are not responsive to the R&R. The Court addresses this issue in Section II.B.

an ongoing civil rights case in this District with regard to the removal of his children. *See Smith v. Hentschel et al*, No. 2:21-cv-01597 (W.D. Wash.). The issues raised in his objection with regard to the removal of his children are the same, similar to, or stem from those raised in his civil rights case. Habeas corpus petitions only address whether a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, it is inappropriate to amend his petition to merge the issues regarding the removal of Mr. Smith's children into this case or to seek injunctive relief to secure the return of his children through the habeas petition. Any such issues should be addressed through his already pending civil rights case.

### III.  ORDER

For the foregoing reasons, the Court hereby ORDERS:

1. Petitioner's request for injunctive relief or to amend the petition (Dkt. No. 42) is DENIED.

2. The Report and Recommendation is APPROVED and ADOPTED.

3. Petitioner's objections (Dkt. Nos. 41 and 42) are OVERRULED.

4. Petitioner's second amended petition for writ of habeas corpus (Dkt. 24) is DENIED, and this action is DISMISSED with prejudice.

5. In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

6. The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable S. Kate Vaughan.

Dated this 12th day of August 2022.

Tana Lin
United States District Judge