UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN JUSTIN SMITH,<br><br>                Petitioner,<br>    v.<br><br>JEFFREY UTTECHT,<br><br>                Respondent. | CASE NO. 2:21-cv-00940-TL<br><br>ORDER DENYING MOTION TO SET ASIDE OR AMEND JUDGMENT |

This matter is before the Court on Petitioner's Motion to Set Aside or Alter Judgment in Order to Permit Amended Habeas Petition Addressing Defects. Dkt. No. 53. Petitioner, Alan Justin Smith, also moves the Court for additional time to reply to any opposition from Respondent, Jeffery Uttecht. Dkt. No. 54. Lastly, Mr. Smith has also moved the Court to expedite ruling on his motion to set aside the judgment. Dkt. No. 55. Having reviewed the relevant briefing and the remaining record, the Court STRIKES AS MOOT Petitioner's motion for additional time, DENIES Petitioner's motion to set aside or amend the judgment, and STRIKES AS MOOT his motion to expedite.

I.  BACKGROUND

On April 13, 2022, the Honorable S. Kate Vaughan, U.S. Magistrate Judge, entered a Report and Recommendation ("R&R") on Mr. Smith's petition for writ of habeas corpus. Dkt. No. 37. Judge Vaughan recommended denial of Mr. Smith's second amended petition and dismissal of the case with prejudice. *Id.* at 24. On May 3, Mr. Smith moved for an extension of time to file objections to the R&R (Dkt. No. 38), and on May 23, the Court granted his motion, extending his time to file objections by an additional six weeks to July 5, 2022 (Dkt. No. 40). On May 27, Mr. Smith filed a motion to amend his motion for an extension of time. Dkt. No. 41. The Court struck the motion to amend as it had already granted his requested extension, but the Court considered arguments from the motion related to the R&R as potential objections. *See* Dkt. No. 46 at 3 (granting Mr. Uttecht an opportunity to respond to Mr. Smith's objections, including any relevant arguments from the filing at Dkt. No. 41).

On July 8, three days after the deadline to file objections to the R&R, Mr. Smith filed under seal an Ex Parte Motion to Expedite Injunctive Relief from Collateral Consequences of Conviction that appeared to include further argument in response to the R&R. Dkt. No. 42. The Court determined that the July 8th motion would also be considered to the extent it included potential objections to the R&R, despite the motion being untimely. *See* Dkt. No. 42 at 2; Dkt. No. 46 at 2 (citing *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir.1992) ("[C]ourts must apply considerable leeway when assessing . . . a pro se civil rights litigants' failure to comply strictly with time limits.")). Mr. Uttecht filed a response to all of Mr. Smith's objections, as ordered, on August 11, 2022. Dkt. No. 50. The Court then entered its order overruling Mr. Smith's objections and adopting the R&R on August 12, 2022. Dkt. No 51. The same day, the Court entered judgment denying Mr. Smith's second amended petition and dismissing the case with prejudice. Dkt. No. 52.

Mr. Smith timely moves to set aside or amend the Court's judgment under Federal Rule of Civil Procedure 59(e).[1] Dkt. No. 53. While his motion was pending, Mr. Smith also moved the Court for more time to respond to any opposition to his motion (Dkt. No. 54), but no opposition was filed. Mr. Smith subsequently moved for an expedited ruling on his motion. Dkt. No. 55.

## II. LEGAL STANDARD

The Court has broad discretion to reconsider and alter a judgment under Federal Rule of Civil Procedure 59(e). *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). But "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation and citation omitted). The Court will change its judgment only: (1) to correct "manifest errors of law or fact" on which the judgment rests, (2) when presented with newly discovered or previously unavailable evidence, (3) to prevent manifest injustice, or (4) due to "an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

## III. DISCUSSION

**A.   Motion to Set Aside or Alter Judgment**

Mr. Smith does not specifically identify the grounds upon which he seeks reconsideration of the Court's judgment, but he does claim that "the ends of justice would be served by permitting redetermination" after allowing him to file his proposed third amended petition. Dkt.

---

[1] Although Petitioner cites both Rules 59(e) and 60(b) in his motion, the Court addresses the motion only under Rule 59(e), which is permitted in habeas cases. *See Banister v. Davis,* 140 S. Ct. 1698, 1705–11 (2020). His Rule 60(b) motion, which challenges the Court's resolution of the claim on the merits, is impermissible under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") bar against successive petitions. 28 U.S.C. § 2244(b); *see also Bannister*, 140 S. Ct. at 1709 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)). For second or successive petitions, applicants must first move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

No. 53 at 2. Because Mr. Smith fails to identify a manifest error of law or fact made by the Court, the discovery of new or previously unavailable evidence, or an intervening change in the law, the Court understands Mr. Smith's motion to rest on the ground that the judgment should be vacated or amended to avoid a manifest injustice. Mr. Smith's motion fails to support this, or any, ground for relief.

In his motion, Mr. Smith states that he "was mistaken in filing a notice of intent to file, rather than requesting extension of time to amend [his] petition." Dkt. No. 53 at 2. This appears to be a reference to his May 19, 2022, filing entitled "Notice of Intent to File: Amended Motion to Extend Time to File Objections." Dkt. No. 39. The statute of limitations for his habeas petition expired on August 21, 2021.[2] Thus, if Mr. Smith had moved to amend his petition in May 2022, any new claims he wished to include would have been time barred unless they "'arose out of the conduct, transaction, or occurrence set out—or attempted to be set out'" in his original petition.[3] *Walden v. Shinn*, 990 F.3d 1183, 1202 (9th Cir. 2021) (quoting Fed. R. Civ. P. 15(c)(1)(B)). As discussed below in Section III.B., Mr. Smith is not adding any new claims in conjunction with his motion to set aside the judgment. Instead, he focuses on bolstering his arguments for his claims about the allegedly coerced confession and insufficient evidence used to convict him, which were included in his original petition.

Mr. Smith also faults the Court for failing to "construe [his] filings liberally, so as to give Petitioner notice that the case was in danger of being closed." *Id.* First, the Court did construe

---

[2] The Washington State Court of Appeals entered its Certificate of Finality on Mr. Smith's personal restraint petition on August 21, 2020. *See* Dkt. No. 32 at 173. Mr. Smith then had one year to present any claims for relief in this Court challenging his state court conviction. 28 U.S.C. § 2244(d).

[3] Mr. Smith timely filed his original petition on July 7, 2021. He was subsequently ordered to amend his petition to correct specified deficiencies (*see* Dkt. No. 12), an order with which he eventually complied after the limitations period expired (*see* Dkt. Nos. 13-24). The Court notes that the ordered amendments corrected procedural defects in Mr. Smith's original petition and did not add any new claims.

ORDER DENYING MOTION TO SET ASIDE OR AMEND JUDGMENT - 4

Mr. Smith's filings liberally. Before the Court acted on the R&R, Mr. Smith filed seven different documents[4] on the docket, none of which were identified as being objections to the R&R. *See* Dkt. Nos. 38, 39, 41, 42, 43, 45,[5] 48. The Court liberally construed these filings by considering the content of the filings as objections to the R&R during its *de novo* review, even despite some of the documents being filed after Mr. Smith's deadline to object. Second, Mr. Smith was specifically warned that his case was in jeopardy when Judge Vaughan filed her R&R recommending denial of the petition and that "this action be dismissed with prejudice." Dkt. No. 37 at 24.

      Mr. Smith claims that his petition was dismissed "without reaching the merits" of his claims. Dkt. No. 53-1 at 1. But in the R&R, Mr. Smith's claims regarding the sufficiency of evidence at trial to support his conviction and the alleged coercion arising from his children being placed in Child Protective Services custody during the criminal investigation were thoroughly analyzed on the merits. *See* Dkt. No. 37 at 9–20. Upon reviewing all of Mr. Smith's post-R&R filings, the Court acknowledged that Mr. Smith's "objections focus[ed] on: (1) the alleged insufficiency of evidence to support his conviction; (2) the violation of his due process rights in obtaining and using his confession; and (3) various challenges which allegedly resulted in cumulative error." Dkt. No. 51 at 3 (citing Dkt. Nos. 41, 42). The Court ultimately found that Mr. Smith did not "raise any new grounds" to reject the R&R's thorough analysis. *Id.*

      Lastly, Mr. Smith complains that he was not given an opportunity to reply to Mr. Uttecht's response to his objections. Dkt. 53 at 2. The applicable procedural rules governing the Court's review of habeas petition R&Rs are clear: petitioners are given an opportunity to file

---

[4] Including a motion for more time to file objections, which was granted. *See* Dkt. Nos. 38, 40.

[5] This document was improperly filed *ex parte* and under seal, but as it did not seek any specific relief and was repetitious of other filings, the Court disregarded it in its considerations.

objections to the R&R, respondents are given an opportunity to respond, and "[n]o reply will be considered." LCR 72(b); *see also* Fed. R. Civ. P. 72(b)(2). The Court did not make an error when it entered its order adopting the R&R without providing Mr. Smith an opportunity to reply to Mr. Uttecht's response to his objections.

B.   **Proposed Amended Objections to R&R and Proposed Third Amended Petition**

Mr. Smith filed as attachments to his motion to set aside the judgment proposed amended objections to the R&R (Dkt. No. 53-1) and a proposed third amended petition (Dkt. No. 53-2). In his proposed amended objections to the R&R, Mr. Smith now seeks to more fully present arguments the Court already considered from his misfiled documents. Mr. Smith states that the proposed third amended petition includes "missing arguments and points . . . of claims . . . [for] insufficiency of evidence, and coercion resulting in admission at trial of involuntary evidence." Dkt. No. 53-1 at 1. But a Rule 59(e) motion may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016) (quoting *Allstate Ins. Co.*, 634 F.3d at 1111).

Also, upon reviewing the updated memorandum of law filed in support of Mr. Smith's proposed third amended petition, the Court notes that the arguments presented are not new or substantively different. Rather, they are more thoroughly briefed than they were in his second amended petition. *Compare* Dkt. Nos. 53-2 and 53-4 *with* Dkt. No. 24. His arguments still go to whether the circumstances surrounding his confession were coercive and whether there would have been sufficient evidence for a conviction if his confession had not been admitted. *See* Dkt. No. 53-4. Mr. Smith does not provide any justification for why he was unable to present his

expanded arguments within the time allotted to prepare his petition[6] or present objections to the R&R.[7] Although "pro se prisoners face unique difficulties when litigating requests for habeas relief . . . it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants," *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022), including filing deadlines.

      Even if Mr. Smith had timely presented his proposed amended arguments (which he did not), the Court's determination on the R&R would remain the same. As an initial matter, the Court notes that Mr. Smith's amended objections set up an improper strawman argument. He objects to the R&R as applied to his proposed third amended petition (which he has not been granted permission to file) instead of as applied to his second amended petition (which was the operative petition upon which the R&R and the Court's order of dismissal are based). *See* Dkt. No. 53-1 (citing throughout to arguments raised in the memorandum of law filed in support of his proposed third amended petition). That said, Mr. Smith's expanded arguments do not change the fact that "nothing in the record suggests that there was any police involvement in" his voluntary confession to Mr. Morris. *See* Dkt. No. 37 at 19. Mr. Smith objects to this conclusion by claiming that he was initially coerced by the police through threat of losing custody of his children, which somehow infected his otherwise voluntary confession to Mr. Morris. Dkt. No. 53-1 at 7–13. The potentially coercive nature of the police's investigation was thoroughly litigated, and as address in the R&R, "nothing in the record indicat[es] Petitioner's free will was overcome by the fact that his children were taken into CPS custody." Dkt. No. 37 at 16–20. Furthermore, Mr. Smith's argument attempting to connect his allegations of police coercion to

---

[6] The limitation period for Mr. Smith's habeas petition ran from August 21, 2020, to August 21, 2021. *Supra* at n.4.

[7] Petitioner originally had twenty-one (21) days to object to the R&R (*see* Dkt. No. 37) but was granted an additional six (6) weeks to prepare and file objections (Dkt. No. 40). The Court also considered arguments he included in filings entered after the extended deadline to object. *See* Dkt. No. 42 at 2; Dkt. No. 46 at 2.

ORDER DENYING MOTION TO SET ASIDE OR AMEND JUDGMENT - 7

his voluntary confession to Mr. Morris is far too attenuated to be sustained. There is no evidence that Mr. Morris was ever acting on behalf of the police nor that the police were ever even aware of Mr. Morris prior to Mr. Smith's voluntary confession. As such, the remainder of Mr. Smith's objections fail because they rely on the suppression of his confession to sustain his insufficiency-of-evidence arguments. *See* Dkt. No. 53-1 at 3–7. Mr. Smith simply fails to raise sufficient grounds upon which the Court could sustain his objections or reject Judge Vaughan's thoroughly considered recommendation.

### IV.   CONCLUSION

Mr. Smith fails to show that the judgment should be set aside or amended to avoid a manifest injustice, or for any other reason. The Court therefore DENIES Petitioner's motion at Dkt. No. 53. The Court further STRIKES AS MOOT Petitioner's motion for additional time (Dkt. No. 54) because Respondent never filed a response in opposition to this motion. Consequently, the Court also STRIKES AS MOOT his Motion to Expedite at Dkt. No. 55. This matter remains closed.

Dated this 19th day of December 2022.

Tana Lin
United States District Judge