1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11     ALAN JUSTIN SMITH,                    CASE NO. 2:21-cv-00940-TL

12                        Petitioner,
                                            ORDER ON MOTION FOR RELIEF
13          v.                              FROM FINAL JUDGMENT AND
                                            MOTION TO AMEND HABEAS
       JEFFREY UTTECHT,                      PETITION
14
                        Respondent.
15

16

17          This matter comes before the Court on the Petitioner Alan Smith's Motion for Relief

18   from Final Judgment (Dkt. No. 68) and Motion to Amend Habeas Petition & Objections to R&R

19   (Dkt. No. 69). Having reviewed the motions, Respondent's response to the motions (Dkt. No.

20   70), Petitioner's Reply (Dkt. No. 71), and the remaining record, the Court DENIES Petitioner's

21   motions.

22                              I.    BACKGROUND

23          On November 19, 2021, Petitioner filed a Second Amended Petition for Writ of Habeas

24   Corpus. Dkt. No. 24. On August 12, 2022, the Court issued an order dismissing Petitioner's

action with prejudice. Dkt. No. 51. The Order adopted the Report and Recommendation ("R&R") of Magistrate Judge S. Kate Vaughan (Dkt. No. 37) and took into consideration belated filings by Petitioner raising objections to the R&R. Dkt. No. 51 at 2. The Court entered judgment on the same day as its Order on the R&R. Dkt. No. 52.

After judgment of the Court was entered (Dkt. No. 52), Petitioner filed three additional motions: a motion to set aside or alter judgment in order to permit amended habeas petition addressing defects (Dkt. No. 53), a motion for additional time to reply to any opposition from Respondent, Jeffery Uttecht (Dkt. No. 54), and a motion to expedite ruling on his motion to set aside the judgment (Dkt. No. 55). In his motion to set aside, Petitioner sought to file a third amended habeas petition. Dkt. No. 53-2. The Court held that Petitioner failed to show that the judgment should be set aside or amended to avoid a manifest injustice, or for any other reason. *See generally* Dkt. No. 56. Therefore, the Court struck as moot his other two pending motions. *See id.*

Petitioner filed a notice of appeal to the Ninth Circuit on January 18, 2023. Dkt. No. 58, On September 18, 2023, the Ninth Circuit denied Petitioner a certificate of appealability, holding that he "ha[d] not shown that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Dkt. No. 67 at 1 (citation omitted).

On September 16, 2024, Petitioner filed the two motions at issue in this Order. Dkt. Nos. 68 and 69. On September 19, 2024, Respondent filed a response requesting the Court deny the motions. Dkt. No. 70.

//

//

ORDER ON MOTION FOR RELIEF FROM FINAL JUDGMENT AND MOTION TO AMEND HABEAS PETITION - 2

1

## II.   DISCUSSION

2

### A.    Motion for Relief from Final Judgment

3
4
5
6
7
8

In his motion, Petitioner asserts that arguments he raises in the pending motion were missing from his prior pleadings, which makes the previous proceedings suspect. Dkt. No. 68 at 4. He states that the delay in raising these arguments is due to his excusable neglect. *Id.* at 5. Specifically, the reason for delay was that he was *pro se* and that he "expected to receive confirmation from the Court that his motion for extension of time was approved, thereby providing a clear date to which he should work." Dkt. No. 68 at 6.

9
10
11
12
13
14
15
16
17
18

A court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).[1] Crucially, Rule 60(b)(c) requires that the motion "must be made within a reasonable time." Fed. R. Civ. P. 60(b)(c)(1). For a motion brought pursuant to Rule 60(b)(1), a "reasonable time" means "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* Petitioner argues that Respondent did not raise the timeliness issue. Dkt. No. 71 at 1. Regardless of whether Respondent raised the issue, Petitioner is subject to the requirements of the rule, and the time for filing is a mandatory requirement. Petitioner brings his motion over two years after the Court issued its Order adopting the R&R and entered final judgment. Petitioner's untimely motion must be denied.

19

### B.    Motion to Amend Habeas Petition and Objections to R&R

20
21
22

Petitioner's motion attaches a proposed petition that is identical to the proposed third amended petition he filed on September 9, 2022, except that he has added a fourth ground and also attaches objections to the Report and Recommendation. Dkt. No. 69 at 1–2.

23
24

---

[1] Respondent makes arguments under Rule 60(b)(6), Dkt. No. 70 at 3, but Petitioner has not moved for relief under that provision.

1     **1.**  **Petitioner's Untimely Objections**

2    The Court first addresses Petitioner's untimely objections to the R&R. Petitioner asserts

3 that his objections should be considered due to justifiable neglect and inadvertence. *Id.* at 2.

4 Courts "must apply considerable leeway when assessing . . . a pro se civil rights litigants' failure

5 to comply strictly with time limits." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992).

6 However, it is also "axiomatic that pro se litigants, whatever their ability level, are subject to the

7 same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th

8 Cir. 2022).

9    Here, Petitioner filed his objections over two years and two months after they were due,

10 over one and one-half years after he filed his notice of appeal, and over one year after the Ninth

11 Circuit issued its decision on his appeal. He admits he was aware of the deadline for his

12 objections. Dkt. No. 68 at 2 ("Petitioner should have filed additional motion for extension of

13 time to file amended petition and objections to R&R by July 5, 2022."). And the Court's May 23,

14 2022 Order stated "Petitioner shall have an additional **six (6) weeks** from the date of this minute

15 order, **by no later than July 5, 2022**, to file objections to the Report and Recommendation at

16 Dkt. No. 37." Dkt. No. 40 at 2 (bolding in original). He also clearly knows how to file motions

17 for extension of time as he filed five such motions through the life of the case. *See* Dkt. Nos. 28,

18 34, 38, 54, and 63. One of those motions was for an extension of time to file objections to the

19 R&R. Dkt. No. 38. Petitioner's decision to wait until after he received a decision from the Ninth

20 Circuit demonstrates not neglect or inadvertence but a tactical decision. Petitioner's objections to

21 the R&R are grossly untimely. Therefore, he waived his objections, and the Court will not

22 consider them. *See, e.g.*, *Norling v. Uttecht*, No. C19-5697, 2020 WL 42418, at *1 (W.D. Wash.

23 Jan. 3, 2020) (petitioner waived his right to object to the report and recommendation because he

24 filed objections nearly a month after the 14-day deadline expired); *Hausken v. Lewis*, No. C12-

1    5882, 2014 WL 1912058, at *2 (W.D. Wash. May 12, 2014) (plaintiff waived his objections

2    because he filed them approximately six weeks after the 14-day deadline expired).

3              **2.     Petitioner's Third Proposed Amended Habeas Petition**

4              While Respondents characterize Petitioner's motion as one for a second or successive

5    writ,[2] the Court interprets Petitioner's motion as a motion to reconsider, as he admittedly seeks

6    to file a "proposed petition [that] is identical to the proposed Third Amended Petition of

7    09/09/2022, except that Ground Four has been corrected . . . ." Dkt. No. 69 at 1. Petitioner's

8    September 9, 2022, filing was a motion to set aside or alter judgment in order to permit amended

9    habeas petition addressing defects. Dkt. No. 53. The proposed third amended petition was filed

10   as an exhibit to the motion to set aside. Dkt. No. 53-2. Petitioner already attempted to file a third

11   proposed amended habeas petition in his previous motion to set aside the judgment, which was

12   filed on September 9, 2022 (Dkt. Nos. 53-1 and 53-2), and the Court addressed this request in its

13   December 19, 2022, Order (Dkt. No. 56). The Court will not repeat the analysis here.

14             "Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily

15   denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal

16   authority which could not have been brought to [the Court's] attention earlier with reasonable

17   diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual

18   circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880

19   (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

20   "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the

21

22   _____

     [2] Had Petitioner filed a timely Rule 60(b) motion (which he did not, *see supra* Section II.A., the Court agrees with
     Respondent that it would be impermissible under the Antiterrorism and Effective Death Penalty Act's ("AEDPA")

23   bar against successive petitions. 28 U.S.C. § 2244(b); *see also Bannister v. Davis*, 590 U.S. 504, 517–19 (2020)
     (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)). For second or successive petitions, applicants must first

24   move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28
     U.S.C. § 2244(b)(3).

first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (emphasis in original) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc.*, 229 F.3d at 883).

Nowhere in either of Petitioner's pending motions does he allege he needs to amend his petition due to manifest error in a prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. The only reasons Petitioner asserts for the delay are contained in his Rule 60 motion: (1) he was *pro se*; and (2) he was unclear whether his motion for extension of time was approved and what a due date might be. Dkt. No. 68 at 6. It is unclear which motion for extension Petitioner references, but, again, he knew the deadline for his objections was July 5, 2022, and his subsequent motions for extension were not granted. Dkt. Nos. 48 (motion), 49 (order denying extension), 54 (motion), 56 (striking as moot motion for extension), 63 (motion), 66 (finding as moot motion for extension). Further, neither argument addresses why he could not raise the issues earlier. No "highly unusual circumstances" are presented here that warrant reconsideration.

As Petitioner does not meet the requirements to merit reconsideration, his motion must be denied.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's motions.

Dated this 18th day of November 2024.

Tana Lin
United States District Judge