UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN JUSTIN SMITH,<br><br>            Petitioner,<br>   v.<br><br>JEFFREY UTTECHT,<br><br>            Respondent. | CASE NO. 2:21-cv-00940-TL<br><br>ORDER DENYING MOTION TO AMEND OR MODIFY JUDGMENT |

      This matter comes before the Court on Petitioner Alan Justin Smith's "Motion to Amend or Modify Judgment Denying Petitioner's Rule 60(b)(1) Motion." Dkt. No. 73. Having reviewed the motion and the relevant record, the Court DENIES the motion.

### I.    PROCEDURAL BACKGROUND

      On November 19, 2021, Petitioner, a state prisoner incarcerated at Coyote Ridge Corrections Center in Connell, Washington, submitted a Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, seeking relief from a 2015 Snohomish County Superior Court judgment and sentence. Dkt. No. 24. On April 13, 2022, United States Magistrate Judge S. Kate Vaughan issued a Report and Recommendation on the Second Amended Petition. Dkt. No.

37. Judge Vaughan recommended that: (1) the habeas petition be denied; (2) the case dismissed with prejudice; and (3) that a certificate of appealability be denied. *Id.* at 24. Over the next several months: Petitioner filed objections to the Report and Recommendation (Dkt. No. 42); Respondent responded to those objections (Dkt. No. 50); and Petitioner filed a "Motion for Protection and Other Victims' Rights" (Dkt. No. 43), which Judge Vaughan denied (Dkt. No. 49) after the Court referred the matter to her. On August 12, 2022, this Court adopted Judge Vaughan's Report and Recommendation on the Second Amended Petition for habeas, overruled Petitioner's objections, and entered judgment dismissing the case with prejudice. Dkt. Nos. 51 (Order), 52 (Judgment).

Petitioner began seeking relief from the Court's judgment on September 9, 2022, filing a Motion to Set Aside or Alter Judgment (Dkt. No. 53) on that date and a Motion to Expedite the Court's ruling on December 5, 2022 (Dkt. No. 55). On December 19, 2022, the Court denied both of these motions. Dkt. No. 56.

On January 18, 2023, Petitioner moved the Court to issue a certificate of appealability (Dkt. No. 57) and, concurrently, filed an appeal with the Ninth Circuit (Dkt. No. 58). On March 27, 2023, after Petitioner had amended his motion (Dkt. No. 65), the Court denied the amended motion and declined to issue a certificate of appealability (Dkt. No. 66). Approximately six months later, on September 18, 2023, the Court of Appeals denied Petitioner's request to that court for a certificate of appealability. Dkt. No. 67.

After one year without any activity in his case, Petitioner resumed filing motions with this Court. On September 16, 2024, he filed a pair of motions—a second motion for relief from this Court's August 2022 adoption of Judge Vaughan's Report and Recommendation (Dkt. No. 68); and an amended habeas petition stylized as a motion to amend (Dkt. No. 69). On November 18, 2024, the Court, noting that Petitioner had filed the former more than two years after the

1  Court's judgment, and, construing the latter as an unsubstantiated and unmeritorious request for

2  reconsideration, denied both motions. Dkt. No. 72.

3    On December 16, 2024, Petitioner filed the instant Motion to Amend or Modify

4  Judgment. Dkt. No. 73. Presented under Federal Rules of Civil Procedure 59(e) and 60(b), the

5  motion presents as another attempt to have the Court reconsider its adoption of Judge Vaughan's

6  original Report and Recommendation on the Second Amended Petition for habeas. *See generally*

7  *id.*

8        II.  DISCUSSION

9    The Court construes Petitioner's Motion as comprising two requests. First, Petitioner

10 moves under Rule 59(e) to alter or amend this Court's 2022 Order and Judgment that adopted

11 Judge Vaughan's Report and Recommendation and dismissed with prejudice Petitioner's habeas

12 petition (Dkt. Nos. 51, 52). *See* Dkt. No. 73 at 17 (praying that the Court "vacate the order and

13 judgment that dismissed Petitioner's habeas petition" and "reopen habeas proceedings . . .").

14 Second, Petitioner moves under Rule 60(b) for relief from the Court's Order that denied

15 Petitioner's previous attempt to undo the dismissal of his habeas petition (Dkt. No. 72). *See* Dkt.

16 No. 73 at 17 (praying that the Court "modify or amend the related judgment denying Petitioner's

17 underlying motion as appropriate (Dkt 72)"). But although Petitioner purports to make this

18 request under Rule 60(b), it is more properly considered a request for reconsideration under

19 Local Civil Rule 7(h). In its prior ruling, the Court denied Petitioner's Motion for Relief from

20 Final Judgment (Dkt. No. 68) and his Motion to Amend Habeas Petition & Objections to R&R

21 (Dkt. No. 69). Dkt. No. 72 at 1. Petitioner's express request that the Court now revisit that ruling

22 is a request for reconsideration, not a request for relief from a judgment or order. *See*

23 *Worthington v. Wash. State Att'y Gen.'s Off.*, No. C10-118, 2013 WL 4647532, at *1 (W.D.

24 Wash. Aug. 29, 2013) (construing Rule 60(b) request to "vacate the previous order

dismissing . . . motions and claims" as, "in substance, a motion for reconsideration . . . [that] asks the court to revisit its prior rulings").

Petitioner's request under Rule 59(e) and his request for reconsideration under Local Civil Rule 7(h) are both untimely. As to Rule 59(e), "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Here, the judgment Petitioner seeks to vacate was issued on August 12, 2022, more than two years before Petitioner filed the instant motion on December 16, 2024. It is therefore some 28 months too late. *See* Dkt. No. 52. As to Local Civil Rule 7(h), a "motion [for reconsideration] shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). Here, the order Petitioner seeks to have reconsidered was issued on November 18, 2024. Dkt. No. 72. A request for reconsideration would have thus been due December 2, 2024. Petitioner's request is two weeks late, and he has not provided any justification for the late filing.

Accordingly, the Court DENIES Petitioner's Motion to Amend or Modify Judgment Denying Petitioner's Rule 60(b)(1) Motion (Dkt. No. 73).

### III.   CONCLUSION

Therefore, the Court ORDERS: Petitioner's Motion to Amend or Modify Judgment Denying Petitioner's Rule 60(b)(1) Motion (Dkt. No. 73) is DENIED.

Dated this 30th day of January 2025.

Tana Lin
United States District Judge