UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN JUSTIN SMITH,<br><br>    Petitioner,<br> v.<br><br>JEFFREY UTTECHT,<br><br>    Respondent. | CASE NO. 2:21-cv-00940-TL<br><br>ORDER ON CERTIFICATE OF APPEALABILITY |

This matter is before the Court on the Ninth Circuit's remand. Dkt. No. 84 (USCA Order). On September 25, 2025, the Ninth Circuit remanded Petitioner's appeal (*see* Dkt. No. 78 (notice of appeal)) "for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience." Dkt. No. 84 at 1–2. Having reviewed the relevant record, the Court DENIES a certificate of appealability.

## I. BACKGROUND

Petitioner is a state prisoner incarcerated at Coyote Ridge Corrections Center in Connell, Washington. On April 13, 2022, the Honorable S. Kate Vaughan, United States Magistrate Judge, issued a Report and Recommendation (Dkt. No. 37) on Petitioner's Second Amended

1  Petition for Writ of Habeas Corpus (Dkt. No. 24). Judge Vaughan recommended that Petitioner's
2  petition be denied, and that the action be dismissed with prejudice. *See* Dkt. No. 37 at 24. On
3  August 12, 2022, this Court approved and adopted Judge Vaughan's Report and
4  Recommendation. Dkt. No. 51. The Court denied Petitioner's petition, dismissed the action with
5  prejudice, and denied a certificate of appealability. *Id.* at 4. The Court entered judgment the same
6  day. Dkt. No. 52.

7       Since then, Petitioner has made multiple serial and iterative attempts to overturn the
8  Court's ruling. Each successive motion seeks to overturn the order that immediately preceded it.

9       First, on September 9, 2022, Petitioner filed a motion to set aside or alter the judgment
10 under Federal Rules of Civil Procedure 59(e) and 60(b). *See* Dkt. No. 53. On December 19,
11 2022, the Court denied the motion. Dkt. No. 56.

12      Second, on September 16, 2024, Petitioner filed a motion for relief from judgment under
13 Rule 60(b). Dkt. No. 68. On November 18, 2024, the Court denied the motion. Dkt. No. 72.

14      Third, on December 16, 2024, Petitioner again filed a motion for relief from judgment
15 under Rule 60(b). Dkt. No. 73. On January 30, 2025, the Court denied the motion. Dkt. No. 74.

16      Fourth, on April 1, 2025, Petitioner again filed a motion for relief from judgment under
17 Rule 60(b). Dkt. No. 74. On August 4, 2025, the Court denied the motion. Dkt. No. 77. In
18 denying the motion—the Court's fourth such denial—the Court stated that, "Moving forward,
19 the Court will neither consider nor respond to further motions seeking reconsideration of, or
20 relief from, previously decided motions." *Id.* at 2.

21      On August 20, 2025, Petitioner appealed the most recent of these denials (i.e., Dkt.
22 No. 77) to the Ninth Circuit. Dkt. No. 78. The Ninth Circuit docketed the appeal but declined to
23 set a briefing schedule, indicating it would not do so unless and until this Court issued a
24 certificate of appealability. *See* Dkt. No. 81.

In the meantime, on September 3, 2025, and again on September 12, 2025, Petitioner filed two requests for this Court to entertain or grant two additional Rule 60(b) motions. Dkt. Nos. 82, 83.

## II.    LEGAL STANDARD

"A [certificate of appealability ('COA')] is required in order to appeal the denial of a Rule 60(b) motion for relief from a district court's judgment denying federal habeas relief." *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022). "A COA may only issue if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying section 2255 motion or section 2254 petition states a valid claim of the denial of a constitutional right." *Id.* "The petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)).

## III.    DISCUSSION

All of Petitioner's Rule 60(b) motions—including Docket No. 75, the motion most recently denied and subsequently appealed to the Ninth Circuit—relate back to the Court's order (Dkt. No. 51) and judgment (Dkt. No. 52) that adopted Judge Vaughan's report and recommendation (Dkt. No. 37). The specific Order under review in the instant motion is Docket No. 77. It is the Court's August 4, 2025, denial of Petitioner's Rule 60(b) motion (Dkt. No. 75). The substance of Docket No. 77 can be traced back to the original order and judgment that the Court issued on August 12, 2022.

In Docket No. 77, the Court denied the motion at Docket No. 75. The Court stated that Docket No. 75 "merely echoe[d] the arguments of the prior motion [Dkt. No. 73]" and "lack[ed]

any evidence or argumentation that might convince the Court that [Docket No. 75] should be construed or decided differently" from Docket No. 73. Dkt. No 77 at 2.

Moving one procedural step backward, the Court now looks at Docket No. 74, which was an order that denied Plaintiff's motion at Docket No. 73. In Docket No. 74, the Court characterized Docket No. 73 as a "request that the Court now revisit" the Order issued at Docket No. 72. Dkt. No. 74 at 3. That is, the Court found that Docket No. 73 was, in substance, "a request for reconsideration [of Docket No. 72], not a request for relief from a judgment or order." *Id.* (citing *Worthington v. Washington State Att'y Gen.'s Off.*, No. C10-118, 2013 WL 4647532, at *1 (W.D. Wash. Aug 29, 2013) (construing Rule 60(b) request to "vacate the previous order dismissing . . . motions and claims" as, "in substance, a motion for reconsideration . . . [that] asks the court to revisit its prior rulings")). As a request for reconsideration, the motion—having been submitted more than 14 days after the order on which it sought reconsideration, *see* LCR 7(h)—was untimely, and the Court denied it. *See* Dkt. No. 74 at 4.

Moving another step backward, the Court now looks at the Order at Docket No. 72, which was a denial of two prior motions—Docket Nos. 68 and 69. Docket No. 68 was a Rule 60(b)(1) Motion seeking relief from the final judgment at Docket No. 52. Docket No. 69 was a motion to amend Petitioner's already-denied habeas petition and a submission of untimely objections to Judge Vaughan's report and recommendation (which, as discussed above, was adopted by the Court at Docket No. 51). The Court denied Docket No. 68 as untimely pursuant to Federal Rule of Civil Procedure 60(c)(1). With respect to the objections to Judge Vaughan's report and recommendation that Petitioner included in Docket No. 69, the Court rejected these as untimely because, in any event, they should have been filed *before* the Court adopted the report and recommendation. With respect to the habeas petition included in Docket No. 69, the Court

construed this piece of the motion as an insufficient request for reconsideration and rejected it because Petitioner had not cited manifest error in a prior ruling or produce new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. *See* Dkt. No. 72 at 4–6.

Looking backward from Docket Nos. 68 and 69, there is additional motion practice between those motions and the judgment at Docket No. 52, but the Court need not discuss them here, as Docket No. 68, which "pray[ed] for relief from the Final Judgment (Dkt 52)," draws a direct link between the substantive judgment that Plaintiff has been serially challenging and the motions through which he has presented those serial challenges. Dkt. No. 68 at 1. The Court finds no procedural error in its original judgment or in any of the subsequent derivative orders.

Therefore, having reviewed each step in the daisy chain recited above, the Court finds that jurists of reason would not find it debatable whether the Court abused its discretion when issuing the order now being appealed (i.e., Docket No. 77), which denied Petitioner's most recent Rule 60(b) motion (i.e., Docket No. 75). In Docket No. 77, the Court explained that Docket No. 75 was deficient, because it merely repeated arguments that the Court had already rejected on at least two separate occasions. *See* Dkt. No. 77 at 2. It is not debatable whether, when presented with the same arguments time and again, the Court should not have ruled the same way time and again.

Because Petitioner does not satisfy the first prong of the Ninth Circuit's standard for issuance of a certificate of appealability, the Court need not reach the second—that is, the Court need not consider whether "jurists of reason would find it debatable whether the underlying section 2255 motion or section 2254 petition states a valid claim of the denial of a constitutional right." *Martinez*, 33 F.4th at 1261. Even so, the Court notes here that such a determination has already been made, when the Ninth Circuit reviewed the substance of

Petitioner's underlying petition on a prior appeal. On September 18, 2023, the Ninth Circuit denied Petitioner's request for a certificate of appealability, having found that Petitioner "ha[d] not shown that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right . . . .'" Dkt. No. 67 (USCA Order) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not presented any new facts here that might compel the Court to disturb the Ninth Circuit's finding there.

## IV.   CONCLUSION

Therefore, the Court determines that a certificate of appealability is DENIED in this case. The Court further ORDERS;

1. Petitioner's Motion for Certificate of Appealability (Dkt. No. 86) is DENIED.
2. Petitioner's motion for an extension of time to file a request for a certificate of appealability (Dkt. No. 85) is DENIED AS MOOT.

Dated this 14th day of November 2025.

Tana Lin
United States District Judge